IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL DEWAYNE ANDERSON, #156270
Plaintiff,

vs. CIVIL ACTION 12-645-WS-M

MICHAEL A. YOUNGPETER, et al.,
Defendants.

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prisoner inmate proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the Complaint, the Court discovered that this action is subject to the provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons stated below.

Plaintiff originally brought this action with another inmate Plaintiff, Reginald Dewayne Jones. They seem to be attacking their previous individual convictions in state court and are seeking to have this action certified as a class action pursuant to Federal Rule of Civil Procedure 23, with them designated as the class representatives of

others similarly situated (Doc. 1 at 8). In conjunction with their Complaint, Plaintiffs filed individual motions to proceed *in forma pauperis* and did not prepay any portion of the filing fee. Because the plain language of the Prison Litigation Reform Act [PLRA] only allows for one prisoner to proceed *in forma pauperis*, *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001), Plaintiff Michael Dewayne Anderson and Plaintiff Reginald Dewayne Jones were ordered to designate which one of them would proceed as the sole plaintiff.

On January 4, 2013, Plaintiff Reginald Dewayne Jones informed the Court that he was withdrawing his Motion to Proceed Without Prepayment of Fees (Doc. 3), that Anderson is the Plaintiff, and that Jones wished to remain as a member of the requested class (Doc. 8). Anderson responded confirming what Jones asserted and stated that he is the sole Plaintiff in this action (Doc. 9). On January 8, 2013, the Court entered an Order acknowledging Jones' withdrawal and directed the Clerk to terminate Jones as a Plaintiff and to strike his Motion to Proceed Without Prepayment of Fees, leaving Anderson as the sole Plaintiff (Doc. 10).

With Anderson proceeding as the sole plaintiff, the Court will review this action under section 1915(g) of

Title 28 of the United State Code. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

It is well settled that if a "prisoner has filed three frivolous lawsuits, the PLRA revokes [*in forma pauperis*] privileges and requires the prisoner to pay the same filing fees that ordinary citizens must file upon commencement of a suit." *Hubbard*, 262 F.3d at 1196. "The intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." *Id.* (citing *Anderson v.* Singletary, 111 F.3d 801, 805 (11th Cir. 1997); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) (stating that the "legislation was aimed at the skyrocketing numbers of claims filed by prisoners- many of which are meritless- and the corresponding burden those filings have placed on the federal courts"). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger

of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 215-16 (2007)). Thus, a frequent-filer prisoner may not bring his action *in forma pauperis* unless he is under imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Upon the review of Plaintiff's Complaint, it was discovered that Plaintiff had at least four prior federal actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Anderson v. Ferrell*, CA 02-661-BH-C (S.D. Ala. June 23, 2003); *Anderson v. Thomas*, CA 03-250-CB-D (S.D. Ala. Dec. 21, 2004); *Anderson v. Mobile Register*, CA 03-831-WS-B (S.D. Ala. Mar. 16, 2005); and *Anderson v. Myers*, CA 99-487-WDB-WPG (N.D. Ala. Mar. 15, 2000). Thus, the present action comes within the scope of § 1915(g).[1]

---

[1] Plaintiff indicates in his complaint that he has filed other lawsuits in state or federal court; yet, although he is required to list all such actions, he lists only one (Doc. 1 at 3). Plaintiff then signs his Complaint under penalty of perjury (*Id.* at 7). Plaintiff has previously testified in a state court evidentiary hearing that he has filed at least eleven other actions in state court (Doc. 1 at 32) and, as set out above, he has filed at least four actions in federal court, *see supra* p.3. The failure to list prior cases is considered sanctionable conduct

Under § 1915(g), an "otherwise ineligible prisoner is only eligible to proceed *in forma pauperis* if he is in imminent danger *at the time of the filing*." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999)(emphasis in original). Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g). *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). "The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint [*in forma pauperis*] if the prisoner could be subject to serious physical injury and does not have the requisite filing fee." *Id.*

In a prisoner action, the complaint is filed when a "prisoner deliver[s] it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). The filing of this action appears to have

---

warranting the dismissal of an action for an abuse of process and the counting of the dismissal as a strike. *Hill v. Bishop*, 2012 WL 1698382, at *2-3 (S.D. Ala. Apr. 12, 2012) (reviewing prisoner cases that were dismissed as a sanction for the plaintiff's failure to list his prior cases because of the plaintiff's failure was an abuse of process).

occurred between October 5, 2012, when Plaintiff signed and dated the Complaint (Doc. 1 at 7, 23), and October 11, 2012, when the Court docketed it (Doc. 1). For the purpose of this Report and Recommendation, the Court will use October 5, 2012, as the date of filing.

Turning to the Plaintiff's Complaint, which must be construed liberally and accepted as true, *see Brown*, 387 F.3d 1350, this Court is unable to discern a claim wherein Plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint on October 5, 2012 (Doc. 1). Plaintiff's Complaint purports to be a class action, (Doc. 1 at 8), that is, being brought on behalf of others similarly situated against Attorney General Luther Strange; Assistant Attorney General Alexander Therkelsen; Alabama State Bar Members and Judicial Inquiry Members; Alabama Supreme Court Judges Woodall, Malone, Bolin, and Main; Alabama Court of Criminal Appeals Judges Welch, Windom, Kellum, Burke, and Joiner; Alabama Thirteenth Judicial Circuit Presiding Judge Charlie Graddick; Alabama Thirteenth Judicial Circuit Judge Michael Youngpeter; Assistant District Attorney Adero Marshall; Attorney Sidney M. Harrell, Jr.; Attorney Zachary Moore; and Official Bond Holders for each of the above-named Defendants (Doc. 1).

The facts that underlay Plaintiff's claims stem from proceedings wherein he was convicted of murder in 1997, fifteen years prior to the filing of the Complaint. Plaintiff complains primarily about his arraignment hearing and whether he and/or his appointed counsel were present for the arraignment. He also complains that attorney Arthur Clarke was ill-prepared for trial in that he did not present Plaintiff's recorded statement as evidence at trial, failed to subpoena any witnesses for trial, and filed a motion to continue four days before trial was set to proceed (Doc. 1 at 17). Plaintiff further complains about his Rule 32 evidentiary hearing in Alabama state court before Judge Michael Youngpeter (*Id.*). He contends that at that hearing, his attorney, Sidney Harrell, Jr., perjured himself when he testified that he was present with Plaintiff as his appointed counsel at Plaintiff's arraignment (*Id.* at 18). Plaintiff then accuses Judge Michael Youngpeter of entering a "personal and biased statement" in his order, which dismissed Plaintiff's Rule 32 Petition[2] (*Id.* at 18).

[2] Judge Youngpeter's Order indicates that he "found the testimony of Harrell to be highly credible. Petitioner's testimony was not credible and it was apparent that Petitioner simply 'cooked up' this new Rule 32 claim after reviewing the case law with his friends in the prison law library. The Court found Petitioner's claim that he was

Overall, Plaintiff contends that the defendants have "exhibited a total disregard for the laws, statutes, constitution, and rights of the plaintiffs and all other citizens similarly situated as themselves, and has [sic] demonstrated malice, ill will, deprivation of rights under their 'oaths of office' and based all of their actions and decisions on perjury, fraud and friendship" (Doc. 1 at 9). This "disregard" and "deprivation of rights" in his state conviction appears to be the main thrust of Plaintiff's claims.

Plaintiff requests "declaratory and injunctive relief to remedy the deficiencies, also punitive and compensatory damages for the injuries and suffering that has [sic] occurred as a result of the defendants' manifest injustice, arbitrary and capricious actions, and miscarriages of justice in their duties to uphold the constitution and laws" (Doc. 1 at 10).

Reviewing Plaintiff's Complaint with § 1915(g) in mind, it appears that there is not a single reference to *any* type of serious physical injury to Plaintiff, or in imminent danger thereof, when he filed the Complaint.

---

denied his right to be present and represented by counsel at his arraignment to be meritless" (Doc. 1 at 40-41).

Thus, this Court concludes that Plaintiff's allegations do not show that, at the time the Complaint was filed on October 5, 2012, Plaintiff was under imminent danger of serious physical injury.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 10th day of January, 2013

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. ***Objection***. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge=s recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" *Fed. R. Civ. P.* 72(b)(2).

A magistrate judge’s recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.